(No. 6779- )

Hyde Park Medical Laboratory, Claimant, *v.*
The State of Illinois, Respondent.

*Opinion filed August 22, 1988.*

*Agreed order filed February 24, 1989.*

Lawrence Jay Weiner, for Claimant.

Neil F. Hartigan, Attorney General (Robert
Sklamberg, Assistant Attorney General, of counsel), for
Respondent.

## OPINION

RAUCCI, J.

This case is brought by Claimant seeking to recover $340,681.00 for medical laboratory services rendered to the Department of Public Aid from December 31, 1969, through May 31, 1971. The Respondent urges that no sums are due.

To understand this case, and the interminable delays in its disposition, the following discussion of the facts is necessary.

In July of 1971, the Department of Public Aid notified Claimant that its unpaid invoices were being held pending investigation. Thereafter, the Department refused to pay them and this action was instituted for $307,960.00. By amended complaint, the amount sought is now $340,681.00.

This action has been delayed in proceeding because of the Claimant's removal (and reinstatement) of his original counsel, actions brought in the district court for the Northern District of Illinois, recusal of our Commissioners on allegations by Claimant of bias, failure of Respondent to produce documents, and Claimant's motions for general continuance status pursuant to our rules. This case was on general continuance status from March of 1973 until October of 1975, from January of 1977 until June of 1978 and from May of 1979 until January of 1983.

A series of hearings was conducted in 1976 before

one of our Commissioners. It should be noted that none of the present judges of this Court were such at that time. No further hearings were held until 1987. On May 11, 1987, we entered an order, on motion of Claimant, barring the Respondent from offering further evidence and instructed our Commissioner (not the one who conducted the 1976 hearings) to submit his report. He has done so, and we have extensively examined the record in our possession, and herewith issue our opinion.

The transcripts of proceedings reveal little evidence, and much argument, bickering and allegations of wrongdoing between the Claimant, his attorney and the assistant Attorney General (now deceased) who participated in the 1976 hearings.

It was asserted by Respondent during the hearings that the claim should be barred because of fraud on the part of the Claimant. Our examination of the record fails to show a scintilla of evidence that supports that allegation.

The record in support of Claimant's claim consists of the verified pleadings, testimony of its sole shareholder that the services were rendered to patients eligible for medical assistance, documents and the offer of "boxes" of invoices and records admittedly in the possession of the Respondent and, since the prior hearings, "lost" either by the Office of the Attorney General or the Department of Public Aid more than 10 years ago. Additionally, the Claimant has submitted the statement of his counsel, under oath, that "The Bill of Particulars (previously filed) constituted a true and accurate summary of the aforesaid records and was conformed and verified prior to submission to the Commissioner." See Supplemental Motion for Immediate Granting of an Award, page 2, filed June 23, 1988.

Respondent does not deny that it received records prior to the 1976 hearings, and simply maintains they are "lost." In fact, Respondent has, in correspondence filed with us by Claimant, acknowledged that it did receive invoices and billings for approximately $165,000.00.

The bill of particulars, filed December 10, 1986, is some two inches thick, and describes by date, patient and amount of charge the more voluminous records and invoices submitted 10 years earlier to the Respondent and lost by Respondent. The bill of particulars specifies some 6,376 charges.

Based on the entire record, and we note that Respondent has not refuted Claimant's evidence, we find that the Claimant has established, by a preponderance of the evidence, that it is entitled to $340,681.00.

It is therefore ordered, adjudged and decreed that the Claimant is awarded $340,681.00 in full and complete satisfaction of this claim.

## AGREED ORDER

RAUCCI, J.

Pursuant to the contract for legal services and retainer agreement attached hereto, and for acknowledged legal services rendered by Lawrence Jay Weiner during the course of this proceeding, including but not limited to the trial, hearings, pleadings and obtainment of the award:

It is hereby agreed by and between Lawrence Jay Weiner and the Claimant, James A. Wright, that Lawrence Jay Weiner receive the sum of $113,560.33 from the award.